976 F.2d 1445
 298 U.S.App.D.C. 141
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Lewis SOHINKI, et al., Appellants
v.
KAISER FOUNDATION HEALTH PLAN OF the MID-ATLANTIC STATES, INC., et al.
 No. 91-7207.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 21, 1992.
 
 Before BUCKLEY, STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Plaintiffs/appellants Lewis, Arnold, and Richard Sohinki raise two issues on appeal. First, they contend the court below erred in finding as a matter of law that Kaiser Foundation Health Plan could terminate Lewis Sohinki's Konyne treatments under the terms of an October 1, 1989 contract between Kaiser and Arnold Sohinki's employer, B'nai B'rith. This contention hinges on an inconsistency in capitalization appearing in the contract, which the Sohinkis insist renders it ambiguous. Having read the contract as a whole, as we must, we find no such ambiguity. See BWX Electronics, Inc. v. Control Data Corp., 929 F.2d 707, 711 (D.C.Cir.1991). Second, the Sohinkis contend that the 1989 contract is without force because Kaiser had failed to comply with the notice provisions of the previous agreement. Specifically, they maintain that the 1988 contract required that notice of contract changes be given to all plan members as well as to B'nai B'rith and that it granted plan members, individually, a right to object to failures in the notice afforded B'nai B'rith. Again, having read the contract as a whole, we find this position without merit. See id. For these reasons, and for those stated by the district court, it is
 
 
 3
 ORDERED AND ADJUDGED by this court that the district court's order, filed November 8, 1991, be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.